## RIGHTS OF CHATTEL MORTGAGEE AS AGAINST ASSIGNEE OF MORTGAGOR.

Circuit Court of Cuyahoga County.

C. F. MINNICK ET AL V. S. E. DETTELBACH ET AL.

Decided, November 9, 1910.

*Appeal—Does Not Take Up Separate Branch of Case Previously Disposed of—Affidavit to Chattel Mortgage—Indebted Equivalent to Unpaid—Possession by Mortgagee of Chattels Superior to Rights of Assignee.*

1. An appeal from the insolvency court to the court of common pleas does not take up a branch of the cause, separate and distinct from other parts of the cause, as to which the insolvency court had, theretofore and beyond the time limited for appeal, entered a judgment which reserved no further questions or directions for future determination with regard to that separate branch of the cause.
2. A statement in an affidavit to a chattel mortgage that the mortgagor is "indebted" on the mortgage claim to the mortgagee in a certain sum, sufficiently complies with the requirement of Revised Statutes, Section 4154, that the mortgagor must state under oath that his claim is "unpaid."
3. Where a mortgagee of chattels takes possession of them under his mortgage before the filing of a deed of assignment by the mortgagor, his rights are superior to the rights of the assignee.

*Max E. Meisel,* for plaintiff in error.
*Carpenter, Young & Stocker,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This litigation originated in the insolvency court with the filing of an assignment by the Paul's Hotel Company to the plaintiffs in error for the benefit of said company's creditors. Upon application made there by the assignees for an order to sell property in their possession, the defendants in error, Dettelbach and Coakes, filed their cross-petition in said proceeding claiming certain items of said property as fixtures belonging to them as lessors of the hotel to the insolvent company and asserting a lien upon all the property in the hotel by virtue of a stipulation to that effect in the lease. At the April, 1908, term of the insolvency court the fixtures in question were decided in favor of the landlord, and judgment rendered accordingly. No proceedings to review this decision were taken until the insolvency court, at its July term, had tried the lien in question.

The second question was decided in favor of the assignees and in journalizing the judgment upon this branch of the case the former judgment upon the fixtures branch was reiterated; thereupon both parties appealed to the court of common pleas. Upon trial of the appeal that court ruled that the fixtures branch of the case was not embraced within the scope of the appeal thus taken, and refused to try that branch of the case. Upon trial of the lien question the court decided in favor of the landlord; and the assignees by this proceeding in error seek to review both branches of the case upon the record of the court of common pleas.

Upon the authority of *Teaff* v. *Hewitt,* 1 Ohio St., 511, we hold that the court of common pleas ruled correctly on the first question. The syllabus of *Teaff* v. *Hewitt* is, of course, the work of the reporter and not an expression by the court. The present practice of the Supreme Court, according to which the syllabi of reported cases are prepared by the court itself, did not then obtain, and the reporter inadequately conceived the scope of the court's decision. In the opinion by Bartley, Chief Justice, appears the following language, at page 520:

"A final decree is one which determines and disposes of the whole merits of the cause before the court, or a branch of the cause which is separate and distinct from the other parts of the

case, reserving no further questions or directions for future determination; so that it will not be necessary to bring the cause, or that separate branch of the cause, again before the court for further decision.''

In *Teaff* v. *Hewitt,* as in the case at bar, a question of fixtures was adjudicated by the trial court, which held that certain items claimed to be fixtures were such. At a later term, the trial court took up the question as to whether certain other items of property, also claimed to be fixtures, were within the lien of a certain mortgage. And it was held, upon review, that the first branch of the action had been finally adjudicated at the previous term. The case is thus very like the one now before us and we see no ground for distinguishing them in the particular which is here in controversy.

The other branch of the case, we think, turns upon the construction to be given to the sworn statement of claim endorsed upon the lease which was filed as a mortgage just before the deed of assignment was filed. The statement is as follows:

''State of Ohio, Cuyahoga County, ss.

''C. C. Young, being first duly sworn, says he is the agent and attorney of S. E. Dettelback and Frederick W. Goakes, the lessors and mortgagees in a mortgage and lease of which the within is a true copy; that said, the Pauls Hotel Company, lessee and mortgagor, is indebted to S. E. Dettelbach and Frederick W. Goakes in the sum of seven thousand five hundred dollars, payable during the ensuing year in monthly installments of six hundred and twenty-five dollars on the first day of each and every month; that such claim is just and lawful, and to secure the payment of the same, the said lease and mortgage have been executed in good faith. Signed, C. C. Young.''

It is urged that this statement does not satisfy the provisions of Section 4154, Revised Statutes, which reads as follows:

''The mortgagee, his agent, or attorney, before the instrument is filed, must state thereon, under oath, the amount of the claim, and that it is just and unpaid, if given to secure the payment of a sum of money only.''

The point made by the plaintiffs in error is that this sworn statement does not sufficiently set forth that the claim referred

to therein is "unpaid." It will be observed, however, that the affidavit does set forth that "the Pauls Hotel Company, lessor and mortgagor, is indebted to S. E. Dettelbach and Frederick W. Goakes in the sum of seven thousand five hundred dollars," etc.  This, we hold, is equivalent to saying that the claim is unpaid.

It was suggested upon the hearing that some of the goods covered by the deed of assignment consisted of a shifting stock of provisions, liquors and cigars, as to which the mortgage, even if properly executed, sworn to and filed, would create no lien prior to possession taken.  But it was said, in answer to this suggestion, that all goods of this character were sold under attachment by judgment creditors, and are, therefore, in no way involved in the controversy between the parties to this proceeding.  There is some evidence to this effect in the bill of exceptions, but whether any of the shifting stock of goods be or be not included within the items of property sold by the assignees and therefore included within the fund here in controversy, is we think immaterial in view of the evidence which shows, or tends to show, that Mr. Young, as agent of the defendants in error, took possession of all the property in the hotel under his mortgage before the deed of assignment was filed. It is true that persons representing the creditors were already there, but their possession, if any, could effect no lien on, or transfer of, the property, as against the lessor's and in favor of the assignees, who are the sole parties to the present controversy.  Mr. Young's entry was prior to the filing of the deed of assignment and his rights are therefore superior to those of the assignee under that deed.  At least the court of common pleas was justified in so finding from the evidence, and our weighing of the evidence fails to disclose that the court of common pleas erred in its finding and judgment in this regard.

The judgment is therefore affirmed.